UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 00-4208

RODNEY THOMPSON, a/k/a Main,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-4)

Submitted: August 22, 2000

Decided: October 11, 2000

Before WILKINS, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Barbara Hudson, Evanston, Illinois, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Donald R. Wolthuis, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Thompson appeals his 120-month sentence, imposed upon re-sentencing, for possession with intent to distribute cocaine base. On appeal, he argues that the district court erred in determining the drug amount attributable to him under relevant conduct. We affirm the sentence.

The district court may consider a wide range of factors in calculating a defendant's sentence. The court may take relevant conduct into account in determining a defendant's sentence whether or not the defendant has been convicted of the charges constituting the relevant conduct. See United States Sentencing Guidelines Manual § 1B1.3 (1998); United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). Relevant conduct includes all acts of the defendant, acts aided and abetted by him, and acts for which he is otherwise accountable that were in furtherance of the offense of conviction. See U.S.S.G. § 1B1.3(a)(1)(A).

In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. See United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (quoting U.S.S.G. § 6A1.3 (1991)). Consistent with this policy, hearsay alone can provide sufficiently reliable evidence of drug quantity. See id.

The Government must establish by a preponderance of the evidence the amount of drugs attributable to a particular defendant for sentencing purposes. See United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). The district court's factual findings will be upheld absent clear error. See 18 U.S.C.A.§ 3742(e) (West Supp. 2000); United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996).

We find that the Government produced sufficient evidence to support the district court's finding that Thompson was responsible for 73.21 grams of crack cocaine. Despite the apparent plan/scheme that existed between Skipper and Thompson, the court held Thompson

2

responsible for only a portion of Skipper's sales in its drug weight determination. The court included Skipper's drug sales from the time Thompson was charged in Count Two until the conclusion of Cunningham's buys from Skipper. Thompson was an adult on the dates of all of Skipper's transactions for which he was held accountable. To the extent that Thompson challenges Cunningham's credibility, such determination is not reviewable on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).*

Accordingly, we affirm Thompson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*We have considered the effect of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), and find that, because Smith received sentences of imprisonment and terms of supervised release that did not exceed the statutory maximums set out in 21 U.S.C.A. § 841(b)(1)(C) (West 1999), no plain error occurred. See United States v. Aguayo-Delgado, No. 99-4098, 2000 WL 988128, at *6 (8th Cir. July 18, 2000).

3